IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SAID AHMED HIRSI,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO VACATE SENTENCE**<br><br>Case No. 2:20-cv-00446<br><br>Judge Clark Waddoups<br><br>**Docket Also in Case No:** 2:17-cr-00080 |

On June 25, 2020, Petitioner Said Ahmed Hirsi filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Mr. Hirsi pled guilty "to one count of [attempted] Hobbs Act Robbery (18 U.S.C. § 1951) and one count of unlawfully using a firearm during and [in] relation to the robbery (18 U.S.C. § 924(c))." (Mot. to Vacate at 1, ECF No. 1.) Mr. Hirsi was sentenced to 144 months imprisonment for these crimes. (Judgment at 2, ECF No. 44 in Case No. 2:17-cr-80.)

Mr. Hirsi's motion sought to vacate his sentence in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019) that the residual clause of Section 924(c)(3)(B) was unconstitutionally vague. Without the residual clause, Mr. Hirsi argued that his conviction for Hobbs Act Robbery could not be considered a crime of violence for purposes of Section 924(c)(3)(A)'s elements clause because it does not have as an element "the use, attempted use, or

threatened use of physical force against the person or property of another." Thus, according to Mr. Hirsi, he was innocent of the Section 924(c) offense he pled guilty to and his conviction was void.

On June 21, 2022, before Mr. Hirsi's Section 2255 petition was decided by this court, the Supreme Court issued its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery was not a crime of violence for purposes of Section 924(c)(3)(a).

Since Mr. Hirsi pled guilty to only one count of attempted Hobbs Act robbery, the court issued a docket text order on June 23, 2022 requesting that the parties submit supplemental briefing regarding what impact, if any, the Supreme Court's decision in *Taylor* had on Mr. Hirsi's pending Section 2255 petition. (ECF No. 9.) The following day, the United States submitted a supplemental brief acknowledging that Mr. Hirsi's Section 924(c) conviction was no longer valid after *Taylor* and that Mr. Hirsi should be resentenced. (ECF No. 10.)

Because the United States no longer opposes vacating Mr. Hirsi's Section 924(c) conviction, the court hereby GRANTS Mr. Hirsi's petition and VACATES Mr. Hirsi's sentence pursuant to 28 U.S.C. § 2255(b).

The court will resentence Mr. Hirsi in the criminal action in which he was originally sentenced. (Case No. 2:17-cr-00080.) The United States shall file a brief regarding resentencing in the criminal action on or before July 19, 2022. Defendant shall file a response brief on or before August 2, 2022.

SO ORDERED this 5th day of July, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge